## In re ANDERSON.

S. C. B. D. No. 314. April 12, 1938.

BAYLESS, V. C. J. Alfred W. Anderson petitions this court for a review of the recommendation and order of the Board of Governors of the State Bar of Oklahoma denying his petition to be reinstated in the practice of law.

Petitioner was admitted to practice law in Oklahoma in 1908, upon examination. In 1933, complaint was filed against him charging that he was guilty of unprofessional conduct in agreeing to split a fee with a layman. Although petitioner was notified of the charge, and notified of the time and place of the hearing, he failed to appear or to defend against the charge. An examination of the record in that matter makes us think that the case against him was rather weak, but the Board of Governors recommended that he be disbarred, and this court approved and disbarred him from further practice. Petitioner did not protest the action of the Board of Governors. About two years thereafter the present petition was filed. Generally, it alleges that the judgment of disbarment was excessive, and that had he appeared at the prior hearing and contested the matter, it was reasonably certain that the punishment would have been less. He admitted that it was a mistake to not appear at the former trial. He stated further that he had not practiced since the order of disbarment, that he had conducted himself so as to command the respect of his fellowmen, and that he had learned his lesson.

Petitioner was living at Oklahoma City at the time he filed this petition and upon due notice the matter was set for hearing. He appeared before the administrative committee charged with conducting the hearing and submitted to their examination. He supported substantially the allegations of his petition. In answer to direct questions he stated that he desired to be reinstated in order to remove the stigma resting upon him, but that he had no immediate plans to resume the practice of law, and stated that whether he would practice in the future, if reinstated, depended entirely upon future conditions and his desires. The administrative committee recommended to the Board of Governors that no reason appeared why his petition should not be granted, although the committee took notice of his uncertainty concerning his future

plans. The matter was then referred to administrative committee for section No. 9, at Okmulgee for further hearing, at which place he had formerly resided and practiced law. He appeared before that committee and submitted to examination, and that committee joined in the recommendation of the other committee. Upon consideration of these recommendations the Board of Governors recommended to the court that the petitioner be reinstated in the practice of law. Before that recommendation could be acted upon by this court a written protest against the reinstatement of petitioner was filed, and permission to present evidence in support of the protest was requested. Thereupon, this court remanded the matter to the Board of Governors for the taking of further evidence, and the future recommendation of the Board of Governors. At that hearing some evidence was introduced favorable to petitioner and some evidence was introduced unfavorable to him. Although he was notified of this protest and was notified of the time and place of the hearing, he did not appear or defend himself against the charge made. Upon the conclusion of the hearing and further consideration of the entire record by the Board of Governors, it was recommended to this court that his petition be denied. As stated above, this man petitioned for a review of the recommendation.

Upon consideration of the record in this case, and upon consideration of the petition of this lawyer, we are of the opinion that the recommendation of the Board of Governors should be approved.

We agree with the petitioner that the showing made in the former case wherein he was disbarred was weak, and if he had appeared and defended the matter it is likely that his punishment would not have been so great. He did not go to the trouble of defending the charge before the board, nor did he seek a review of what he terms now a harsh and excessive judgment, but, on the contrary, remained wholly silent and inactive.

He made plain to the first examining committee that it was a matter of indifference to him whether he ever practiced law again, but he insisted that his main purpose was to remove the stigma resting upon him. In other words, he desired to clear his name.

In the light of this expressed desire, the conduct of this petitioner is unexplainable. For years he was a trusted member of the Bar of Oklahoma, and enjoyed the privilege of the practice of his profession and enjoyed the good name associated therewith. Yet, when someone impugns his good name and standing he is unwilling to appear or make any contest on the matter. He says that it was a weak attack and we agree with him, but. whatever its weakness, his defense was nothing. When he advanced his name and standing as a reason for being reinstated in the practice of law, and the contest was wholly one-sided, from his standpoint, he appeared and made such showing as was required under the circumstances. But, the very moment that anyone controverted him on the issue and assailed his name and standing, he again abandoned the field of contest and left it with his accusers.

In addition to this, the entire record leads us to believe that the recommendation of the Board of Governors was proper.

The petition is denied.

WELCH, PHELPS, CORN, and HURST, JJ., concur.